[Cite as *State v. Reid-Payne*, 2026-Ohio-672.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 30554 |
| Appellant | : | |
| | : | Trial Court Case No. 2025-CR-0871 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| NEHEMIAH J. REID-PAYNE | : | Court) |
| | : | |
| Appellee | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on February 27, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

RONALD C. LEWIS, PRESIDING JUDGE

EPLEY, J., and HUFFMAN, J., concur.

ANDREW T. FRENCH, Attorney for Appellant
ARVIN S. MILLER, Attorney for Appellee

LEWIS, P.J.

{¶ 1} The State of Ohio appeals from an order of the Montgomery County Common Pleas Court that dismissed an indictment against Nehemiah J. Reid-Payne. Based on our recent decision in *State v. Matosky*, 2025-Ohio-5658 (2d Dist.), we affirm the judgment of the trial court.

## I. Course of Proceedings

{¶ 2} On April 23, 2025, a Montgomery County grand jury indicted Reid-Payne on one count of carrying a concealed weapon, a fourth-degree felony in violation of R.C. 2923.12(A)(2). After pleading not guilty, Reid-Payne filed a motion to dismiss the indictment "as facially unconstitutional and as applied to him." According to the motion, Ohio's "statutory scheme for concealed carry permits is facially unconstitutional as to all 18-to-20-year-olds."

{¶ 3} The trial court set a briefing schedule for Reid-Payne's motion to dismiss. Although the State was given until June 30, 2025, to file its opposition to the motion, the trial court granted Reid-Payne's motion to dismiss on June 26, 2025. The trial court cited its previous decision in *State v. Dorsey*, Montgomery C.P. No. 2024 CR 3100/2 (Mar. 27, 2025), as the basis for its granting of Reid-Payne's motion to dismiss.

{¶ 4} On June 30, 2025, the State filed a motion to reconsider and an opposition to the motion to dismiss. The trial court denied the State's motion to reconsider. The State filed a timely notice of appeal from the trial court's order dismissing the indictment.

2

## II. Assignment of Error

{¶ 5} The State's sole assignment of error states:

As applied to Reid-Payne, who was twenty years old at the time of his offense, Ohio's restriction on the ability of eighteen-to-twenty-year-olds to carry concealed firearms is consistent with this Nation's historical tradition of firearm regulation and falls outside the Second Amendment's protection. The trial court erred in finding otherwise.

{¶ 6} Reid-Payne was indicted on one count of carrying a concealed weapon in violation of R.C. 2923.12(A)(2). That statute prohibits knowingly carrying or having a concealed handgun. *Id.* The prohibition in R.C. 2923.12(A)(2) does not apply to individuals with a valid concealed handgun license. *State v. Stonewall*, 2025-Ohio-4974, ¶ 3 (1st Dist.), citing R.C. 2923.12(C)(2). Although Reid-Payne does not have a concealed handgun license, he could also escape liability under R.C. 2923.12(A)(2) if he is a "qualifying adult."

{¶ 7} R.C. 2923.111 allows a "qualifying adult" to carry a concealed handgun "anywhere in this state in which a person who has been issued a concealed handgun license may carry a concealed handgun." R.C. 2923.111(B)(2). "'Qualifying adults' need not possess a concealed handgun license to carry a concealed firearm and are 'treated as though they possess[ ] a concealed handgun license.'" *Matosky*, 2025-Ohio-5658, at ¶ 4 (2d Dist.), quoting *State v. Storms*, 2024-Ohio-1954, ¶ 21 (1st Dist.). As such, a qualifying adult is exempt from criminal liability under R.C. 2923.12(A)(2). *Id.,* citing *State v. Barber*, 2025-Ohio-1193, ¶ 26 (1st Dist.). A qualifying adult is defined as a person who is (1) at least 21 years of age; (2) not prohibited from possessing or receiving a firearm under 18 U.S.C. 922(g)(1) to (9) or any Revised Code provision; and (3) "[s]atisfies all of the criteria

listed in divisions (D)(1)(a) to (j), (m), (p), (q), and (s) of section 2923.125 of the Revised Code." R.C. 2923.111(A)(2)(a)-(c). It is undisputed that, at the time of the offense, Reid-Payne was not a qualifying adult because he was not yet 21 years of age.

{¶ 8} Reid-Payne argued in his motion to dismiss the indictment that the State could not carry its burden of showing "a categorical ban to ordinary, law-abiding 18-to-20-year-olds acquiring or receiving concealed handgun permits, and likewise punishing 18-to-20-year-olds who do so carry, fits within the history and tradition of the United States." Motion to Dismiss, p. 8. In response, the State cited the First District's decision in *State v. Hall*, 2025-Ohio-1644 (1st Dist.). According to the State, "limiting the right to carry a concealed weapon in Ohio to only 'qualifying adults' fit within the historical tradition of firearm regulation and did not violate[] the Second Amendment–so long as some or most individuals 'remain able to carry arms openly, in a manner that leaves the weapons practicably useful for legitimate self-defense.'" Response to Motion to Dismiss, p. 9-10, quoting *Hall* at ¶ 2. The State argued that restricting Reid-Payne's ability to carry a concealed handgun did not foreclose his ability to exercise his core Second Amendment right to possess and carry a handgun for self-defense outside his home.

{¶ 9} On appeal, the parties reiterate their arguments made before the trial court. Reid-Payne also cites our recent decision in *Matosky*, which was issued after the State filed its initial brief in the present appeal but before Reid-Payne filed his initial appellate brief. The State did not file a reply brief, thus forgoing its opportunity to address the effect of the *Matosky* decision on this appeal. Based on our review of the record and the applicable law, we agree with Reid-Payne that our recent decision in *Matosky* requires us to affirm the trial court's judgment.

{¶ 10} In *Matosky*, 2025-Ohio-5658 (2d Dist.), the defendant was indicted on one

4

count of carrying concealed weapons in violation of R.C. 2923.12(A)(2) and one count of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B). *Id.* at ¶ 2. At the time of the offenses, the defendant was about 10 weeks shy of her 21st birthday. *Id.* at ¶ 6. She moved to dismiss the indictment as an infringement on her Second Amendment right to bear arms. When ruling on the defendant's motion, the trial court applied the two-part test for analyzing Second Amendment challenges set forth in *New York State Rifle & Pistol Assn., Inc. v. Bruen*, 597 U.S. 1 (2022). After applying this two-part test, the trial court found that R.C. 2923.12, 2923.16, and 2923.111 were unconstitutional as applied to the defendant. Accordingly, the trial court sustained the motion to dismiss the indictment.

{¶ 11} The relevant facts and arguments in the current appeal are virtually identical to those in *Matosky*, where we affirmed the trial court's dismissal of the indictment. We explained in *Matosky*:

We agree that there is a historical tradition of prohibiting the concealed carry of weapons. *Bruen* explained that historical evidence established "the manner of public carry was subject to reasonable regulation" and that "States could lawfully eliminate . . . concealed carry—so long as they left open the option to carry openly." (Emphasis deleted.) *Bruen* at 59. However, as we previously discussed, a modern firearm regulation may not be compatible with the historic tradition of firearm regulation if it goes "beyond what was done at the founding." [*United States v. Rahimi*, 602 U.S. 680, 692 (2024)]. Modern firearm regulations must be "'relevantly similar' to laws that our tradition is understood to permit." *Id.*, quoting *Bruen* at 29. Therefore, a modern firearm regulation will not offend the Second Amendment if it imposes restrictions for similar reasons as founding-era regulations. *Id.* "Because *Bruen* required a

modern law to be relevantly similar to the Nation's historical tradition in both how and why it restricts the right to bear arms, if modern day laws do not regulate firearms for relevantly similar reasons, those laws are unconstitutional under *Bruen* and *Rahimi*." [*State v.*] *Reed*, 2025-Ohio-4708 at ¶ 42 (1st Dist.) (Bock, J., concurring in part and dissenting in part).

Under Ohio's current statutory scheme, individuals under 21 years of age may openly carry loaded firearms, but they do not have the right to carry concealed firearms. "Ohio law therefore entrusts young adults with the responsibility of publicly possessing and displaying loaded guns, but denies them the ability to transport those weapons in handbags, pockets, or the passenger area of cars." *Stonewall*, 2025-Ohio-4974 at ¶ 53 (1st Dist.) (Kinsley, P.J., dissenting). In addition to the age restriction, there are other categories of individuals who are prohibited from carrying concealed weapons. For example, fugitives from justice, certain felons and misdemeanants, individuals deemed mentally ill per court order, and individuals who are otherwise prohibited from legally possessing firearms under state or federal law are other categories of individuals who are prohibited from carrying concealed weapons because they are not "qualifying adults." *See* R.C. 2923.111(A)(2).

This statutory scheme indicates that: "Ohio does not regulate the right to carry a concealed gun because it views doing so as dangerous; rather, it regulates *specific people's* right to carry a concealed weapon based on the State's belief that certain people are more dangerous than other people and therefore are not safe to carry a concealed weapon." (Emphasis in original.)

6

*Reed* at ¶ 45 (Bock, J., concurring in part and dissenting in part). The First District Court of Appeals has recognized that "by permitting most Ohio adults to carry concealed weapons, without having to take any steps to obtain a concealed-carry license, it is clear that Ohio has departed from the view that the simple act of carrying a concealed weapon is itself dangerous." *Barber*, 2025-Ohio-1193 at ¶ 55 (1st Dist.).

From this we can discern that the "why" behind the age-based restriction at issue is a presumption that individuals under 21 are more dangerous and cannot be trusted to carry concealed weapons. This is markedly different from the "why" behind the historical bans on concealed carry of weapons, which was to reduce the risk of surprise attacks from hidden weapons carried by anyone. Accordingly, the "why" behind Ohio's age-based restriction on the concealed carry of weapons goes beyond the historical tradition in that it bans concealed carry of weapons based on the perception of a category of people as dangerous, not because the act of carrying concealed weapons is dangerous.

Although Ohio may impose restrictions on Matosky's Second Amendment rights that are similar to restrictions imposed in historical laws, we find that its justification for the statutes in this case is not relevantly similar to the reasons behind the historical laws. "No historic tradition supports presuming a category of persons to be dangerous and nonetheless allowing them access to firearms, but limiting the methods by which they may bear them." *Stonewall* at ¶ 69 (Kinsley, P.J., dissenting). Accordingly, there is no historical analogue.

7

We note that in *Rahimi*, the United States Supreme Court determined that "[o]ur tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others." *Rahimi*, 602 U.S. at 700. The State in this case, however, has failed to present any evidence establishing that adults 18 to 20 years old, simply as a general age group, present a credible threat to the physical safety of others. Accordingly, the ban on carrying concealed weapons for this age group cannot be justified based on the dangerousness rationale in *Rahimi*. *See* [*Worth v. Jacobson*, 108 F.4th 677, 695 (8th Cir. 2024)].

For all the foregoing reasons, we find that the State has failed its burden to demonstrate that Ohio's age-based restriction on carrying concealed weapons is consistent with the Nation's historical tradition of firearm regulation. Accordingly, we find that the concealed-carry statute, R.C. 2923.12, and its counterpart, R.C. 2923.111, are unconstitutional as applied to Matosky.

*Id.* at ¶ 30-36.

{¶ 12} For the same reasons as we expressed in *Matosky*, we conclude that the concealed-carry statute, R.C. 2923.12, is unconstitutional as applied to Reid-Payne. The State's assignment of error is overruled.

### III. Conclusion

{¶ 13} Having overruled the State's assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, J., and HUFFMAN, J., concur.

8